United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 24, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-51019
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN VALLE-PERCHES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-582-ALL
--------------------

Before REAVLEY, BARKSDALE and STEWART, Circuit Judges.

PER CURIAM:[*]

Benjamin Valle-Perches (Valle-Perches) appeals his 87-month sentence for illegal reentry into the United States following removal, in violation of 8 U.S.C. § 1326. He argues that his sentence was unreasonable because the district court failed to properly weigh the sentencing factors set forth in 18 U.S.C. § 3553(a) and imposed a term of imprisonment greater than necessary to satisfy the sentencing goals set forth in § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The district court sentenced Valle-Perches within a properly calculated advisory guideline range. Such a sentence is given "great deference," and we infer that the sentencing court considered all the factors for a fair sentence under § 3553(a). See United States v. Mares, 402 F.3d 511, 519-20 (5th Cir.), cert. denied, 126 S.Ct. 43 (2005). Therefore, we conclude that Valle-Perches has failed to show that his sentence was unreasonable.

Valle-Perches argues, in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), that the 87-month term of imprisonment imposed in his case violates due process because it exceeds the statutory maximum sentence allowed for the § 1326(a) offense charged in the indictment. He challenges the constitutionality of § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury.

Valle-Perches's constitutional challenge is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224, 235 (1998). Although he contends that Almendarez-Torres was incorrectly decided and that a majority of the Supreme court would overrule Almendarez-Torres in light of Apprendi, we have repeatedly rejected such arguments on the basis that Almendarez-Torres remains binding. See United States v. Garza-Lopez, 410 F.3d 268, 276 (5th Cir.), cert. denied, 126 S.Ct. 298 (2005). Valle-Perches properly concedes that his argument is foreclosed in

light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.